ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 2 4 2009

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

BRENDA VINSON,

    Plaintiff,

v.

DELMARVA CAPITAL SERVICES, LLC,
a Maryland limited liability company,
sometimes d/b/a K. B. Merrill Associates,
LLC, a Maryland limited liability company,

    Defendant.

CIVIL ACTION FILE

NO. 1:09-CV-2641

BBM

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and supplemental claims under the Georgia Fair Business Practices Act, O.C.G.A. §§ 10-1-390 et seq.

### SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

-1-

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and decide any related issues of law.

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

5. Defendant, DELMARVA CAPITAL SERVICES, LLC, is a limited liability company organized under the laws of the State of Maryland. [Hereinafter, said Defendant is referred to as "DCS"].

6. DCS is subject to the jurisdiction and venue of this Court.

7. DCS may be served by personal service upon its registered agent in the State of Georgia, to wit: C T Corporation System, 1201 Peachtree Street N.E., Atlanta, Georgia 30361.

8. Alternatively, DCS may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia or Maryland.

## FACTS COMMON TO ALL CAUSES

9. DCS uses the mails in its business.

10. DCS uses telephone communications in its business.

11. The principle purpose of DCS's business is the collection of debts.

12. DCS regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

13. DCS is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

14. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, DCS communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

15. In or around September 2009, DCS left a series of telephone messages for Plaintiff requesting a return call.

16. In the messages, DCS did not meaningfully disclose its identity.

17. In the messages, DCS did not state that the communications were from a debt collector.

18. In the messages, DCS did not state that the communications were an attempt to collect a debt.

19. Defendant's communications violate the Fair Debt Collection Practices Act.

20. Defendant's communications violate the Georgia Fair Business Practices Act.

21. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

22. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

23. Defendant's violations of the FDCPA include, but are not limited to, the following:

24. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

25. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

26. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

27. As a result of Defendant's actions, Plaintiff is entitled to an award of actual and statutory damages, as well as an award of costs and attorney fees.

## COUNT TWO: GEORGIA FAIR BUSINESS PRACTICES ACT

28. Defendants' actions constitute violations of Georgia's Fair Business Practices Act, including but not limited to, the use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

29. As a result of the defendants' actions, Plaintiffs are entitled to an award of actual, general, treble and exemplary damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded actual, statutory, general, treble and exemplary damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d)   That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

_____
James M. Feagle
Georgia Bar No. 256916
Kris Skaar
Georgia Bar No. 649610

**SKAAR & FEAGLE, LLP**
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax